1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5747
     Fax:  (415) 703-5843
8    Email:  Steven.Warner@doj.ca.gov

9  Attorneys for Respondent Acting Warden Ben Curry
   SF2007200590
10

11
                 IN THE UNITED STATES DISTRICT COURT
12
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                        SAN FRANCISCO DIVISION
14

15  **JOHNNIE PORTIS,**                      C 07-3666 WHA (PR)

16                          Petitioner,      **RESPONDENT'S NOTICE OF
                                             MOTION AND MOTION TO
17           v.                              DISMISS; MEMORANDUM OF
                                             POINTS AND AUTHORITIES**
18  **BEN CURRY, WARDEN,**

19                          Respondent.      Judge:  The Honorable William Alsup

20

21        TO PETITIONER JOHNNIE PORTIS, IN PRO PER,

22        PLEASE TAKE NOTICE that Respondent Ben Curry, Acting Warden at the Correctional

23  Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to

24  28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States

25  District Courts, on the ground that Portis did not exhaust his state court remedies for all of his

26  claims, and on the ground that his one exhausted claim is without merit.  This motion is based on

27  the notice and motion, the memorandum of points and authorities and exhibit, the petition for

28  writ of habeas corpus, the court records in this action, and other such matters properly before this

Resp't's Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.            *Portis v. Ben Curry, Warden*
                                                                   Case No. C 07-3666 WHA (PR)

                                        1

1 Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Portis, an inmate at the Correctional Training Facility, represents himself in this habeas corpus action. Portis alleges that the Board of Prison Terms[1] unconstitutionally found him unsuitable for parole at a 2005 subsequent parole consideration hearing. This Court found Portis's two claims sufficient to require a response: (1) that the Board violated his rights under the Constitution's *Ex Post Facto* clause by failing to apply parole guidelines in effect at the time of his conviction; and (2) that the Board violated his due process rights when it denied parole for the eighth time based on his commitment offense. (Order to Show Cause at 2.) Portis failed to exhaust his due process claim in his California Supreme Court petition for review, and his exhausted claim lacks merit. Thus, this Court should dismiss Portis's mixed petition.

## ARGUMENT

### I.

### THIS PETITION SHOULD BE DISMISSED BECAUSE IT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.

This Court should dismiss Portis's petition as mixed because Portis failed to exhaust his due process claim by presenting it in his California Supreme Court petition for review. A federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law . . . ." *Rose*, 455 U.S. at 518 (citation omitted).

///

---

1. The Board of Prison Terms has been renamed the Board of Parole Hearings.

Respt's Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.

*Portis v. Ben Curry, Warden*
Case No. C 07-3666 WHA (PR)

2

1    It is the petitioner's burden to prove that he has exhausted his state court remedies before

2  filing his federal habeas petition. *See Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972)

3  (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly

4  presented' his federal claim to the highest state court with jurisdiction to consider it . . . or (2) he

5  demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th

6  Cir. 1996) (citations omitted). In California, a petitioner exhausts his federal claim by fairly

7  presenting it to the California Supreme Court. *See Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th

8  Cir. 1986). Lastly, a petitioner has not exhausted the available state court remedies "if he has the

9  right under the law of the State to raise, by any available procedure, the question presented." 28

10  U.S.C. § 2254(c) (2000).

11    Portis failed to meet his burden of proving that he has exhausted his state court remedies by

12  fairly presenting all of his federal claims to the California Supreme Court. For both claims in his

13  federal petition, Portis leaves blank the questions requiring him to check yes or no regarding

14  whether he raised his claims in a California Supreme Court habeas petition. (*See* Petition for

15  Writ of Habeas Corpus at 5.)

16    Indeed, this petition should be dismissed because Portis failed to meet the state court

17  exhaustion requirement for all of his federal claims. Firstly, Portis did not fairly present his

18  commitment offense argument – his second federal claim – to the California Supreme Court. In

19  the habeas petition that Portis filed with the California Supreme Court, Portis raises his *ex post*

20  *facto* claim – his first federal claim here – but does not assert his second federal claim, that the

21  Board's reliance on his commitment offense violates his liberty interest in parole (interpreted by

22  this Court as a due process claim). (*See* Ex. A, Petition for Review, at 2-4.) Portis's California

23  Supreme Court habeas petition mentions neither the Board's reliance on Portis's commitment

24  offense nor Portis's due process rights or alleged liberty interest in parole, much less sets forth

25  any related legal arguments. (*See id.*)

26    Secondly, Portis does not demonstrate that no state remedy is available for his second

27  federal claim. In fact, Portis is not precluded from exhausting his state court remedies because

28  the California Supreme Court has original jurisdiction to review petitions for writs of habeas

Resp't's Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.                    *Portis v. Ben Curry, Warden*
                                                                              Case No. C 07-3666 WHA (PR)

1  corpus. Cal. Const. art. VI, § 10. Thus, Portis can still file a habeas petition in the California

2  Supreme Court alleging the unexhausted claim. Accordingly, Portis has not "reach[ed] the point

3  where he has no state remedies available to him . . ." and the petition should be dismissed.

4  *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (citation omitted).

5  **II.**

6  **PORTIS'S EXHAUSTED *EX POST FACTO* CLAIM
   IS WITHOUT MERIT.**

7

8  While Portis would normally be allowed to proceed on his exhausted *ex post facto* claim

9  after deleting his unexhausted due process claim, the Court should not hear Portis's *ex post facto*

10  claim because it is without merit. Portis argues under *In re Stanworth*, 654 P.2d 1311 (Cal.

11  1982) that the Board must determine his parole suitability using pre-1977 guidelines to avoid an

12  unconstitutional *ex post facto* application of the current post-1977 guidelines (the current

13  Determinate Sentencing Law [DSL] took effect in 1977 but Portis committed murder in 1972).

14  (Pet. at 5.) This argument lacks merit because the DSL parole-suitability guidelines require

15  consideration of the same criteria to determine parole suitability as did the Indeterminate

16  Sentencing Law (ISL) guidelines. *See Connor v. Estelle*, 981 F.2d 1032, 1033-34 (9th Cir. 1992)

17  (citing *In re Duarte*, 143 Cal. App. 3d 943, 951 (1983) (holding that the application of the DSL

18  guidelines to a prisoner sentenced under the ISL did not violate the *ex post facto* clause); *In re

19  Seabock*, 140 Cal. App. 3d 29, 40 (1983) (same).) As a result, the Ninth Circuit has determined

20  that "the application of the DSL parole-suitability guidelines to prisoners sentenced under the ISL

21  . . . does not violate the federal constitutional prohibition against *ex post facto* laws." *Id.*

22  Accordingly, Portis's exhausted *ex post facto* claim is without merit.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Resp't's Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.          *Portis v. Ben Curry, Warden*
                                                                  Case No. C 07-3666 WHA (PR)

## CONCLUSION

Portis did not fairly present his due process claim to the California Supreme Court before filing a federal petition; thus, he failed to meet his burden of proof regarding state court exhaustion. While Portis would normally be permitted to dismiss his unexhausted claims and proceed with his exhausted ones, the Court should dismiss his entire habeas petition because his exhausted *ex post facto* claim lacks merit.

Dated:  September 19, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

20103829.wpd

Respt's Not. of Mot. & Mot. to Dismiss; Mem. of P. & A.

*Portis v. Ben Curry, Warden*
Case No. C 07-3666 WHA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Johnnie Portis v. Ben Curry, Warden*

No.:   **U. S. D. C., N. D., SAN FRANCISCO DIV., C 07-3666 WHA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On **September 19, 2007,** I served the attached

### RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS;
### MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBIT A

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate
Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Johnnie Portis, B-58452**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
*in pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on **September 19, 2007,** at San Francisco,
California.

|                |                |
| -------------- | -------------- |
| J. Baker       |                |
| Declarant      | Signature      |

20105154.wpd