# EXHIBIT A

S151195   SUPREME COURT COPY

SUPREME COURT
FILED

MAR 2 6 2007

Frederick K. Ohlrich Clerk

IN THE CALIFORNIA SUPREME COURT

_____ Deputy

In re,

JOHNNIE PORTIS,
PETITIONER,

ON HABEAS CORPUS

No.
COURT OF APPEAL# B196954
SUPERIOR COURT# BH 003837

PETITION FOR REVIEW
AFTER A DENIAL WITHOUT
OPINION OF/BY THE COURT
OF APPEAL

JOHNNIE PORTIS
CDC#B-58452
CORRECTIONAL TRAIN.FAC.
POB 689 YWING 326L
SOLEDAD, CA 93960-0689

IN THE CALIFORNIA SUPREME COURT

In re,                                )   No.
                                      )
JOHNNIE PORTIS,                       )   COURT OF APPEAL# B196954
                                      )
PETITIONER,                           )   SUPERIOR COURT#BH 003837
                                      )
ON HABEAS CORPUS                      )
                                      )
_____)

PETITION FOR REVIEW

TO: THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

PETITIONER, JOHNNIE PORTIS Petition for Review is based on a non-opinion denial from the Court of Appeal, Second Appellate District for the State of California (See denial orders from both courts-attached).

QUESTIONS PRESENTED

74040.6 Parole Board Rule Hearings In re Stanworth 33 Cal.3d 176; 187 Cal.Rptr.783,654 p.,2d 1311(Dec.1982). The California Supreme Court held that life prisoners who committed their offense prior to July 1,1977 are entitled to have parole dates established under the guidelines in effect prior to July 1,1977. And the court further held that denial of the established parole dates of these prisoners under the earlier guidelines violated the constitu-

1

tional prohibitions against "ex post facto". And in this case at hand, has not the lower courts violated petitioner's rights under the ex post facto law? And is it not a fact, or facts at law, the normal limits or range of custody which the conviction has authorized the state to impose gives rise to protection by the due process clause itself ?

## NECESSITY FOR REVIEW

A life term inmate (6 months to life) is entitled to a parole consideration hearing under parole hearings Board rules (PBR) if: The offense was committed on or before June 30, 1977; and the inmate presently has/had a parole date that was granted (6-21-02) under BPH or CRB rules, but has not received a parole date under PBR. And these "inconsistents" within these rules by the lower state courts must be resolved by this court on the issues of ex post facto which affects the petitioner at hand.

## CONCLUSION

Ex post facto (ex post fakto) Lat: After the fact; Every law that makes an action done before the passing of the law and which was innocent when done to become criminal and punishable as such (a-crime); every law that aggravates a crime or makes it greater than when it was committed; every law changes and inflicts a greater punishment; and every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender. 171 S.W.2d 880. Such a law violates Art. - 1, Secs. 9(CI3) and 10 of the constitution of the United States which provide that neither congress nor any state shall pass an

2

ex post facto law;these provisions have been held applicable only to criminal statutes. And hopefully the court will apply this law as required to petitioner's case,and grant petitioner relief within this case.

DATED: 3-11-07

Respectfully Submitted,

*Johnnie Portis*
JOHNNIE PORTIS

## VERIFICATION

I, JOHNNIE PORTIS, the petitioner in the above entitled action, have prepared and read the foregoing Petition for Writ of Habeas Corpus, and the matters therein are true and correct to the best of my knowledge, belief, and understanding.

Executed on this 11 day of MARCH, 2007, in the city of SOLEDAD, County of MONTEREY, California, under the penalty of perjury.

*Johnnie Portis*
JOHNNIE PORTIS

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| In re | B196954 |
|---|---|
| JOHNNIE PORTIS, | (L.A.S.C. No. A299982) |
| on | ORDER |
| Habeas Corpus. | |

COURT OF APPEAL - SECOND DIST.
FILED
MAR - 2 2007
JOSEPH A. LANE       Clerk
_____ Deputy Clerk

THE COURT*:

The petition for writ of habeas corpus, filed February 26, 2007, has been read and considered.

The petition is denied.

\*MALLANO, Acting P.J.        VOGEL, J.        JACKSON, J.\*\*

---

\*\*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| Date: | SEPTEMBER 20, 2006 | | | |
|---|---|---|---|---|
| Honorable: | DAVID S. WESLEY | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 003837
In re,
JOHNNIE PORTIS,
    Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered the Petition for Writ of Habeas Corpus filed on January 23, 2006.

Upon further reflection, the Court finds that the Order to Show Cause in this matter was improvidently issued. As a result, the order dated July 11, 2006 issuing an Order to Show Cause and appointing counsel is herein vacated

Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Terms ("Board") in parole matters, the Court concludes that the record contains "some evidence to support the Board's finding that petitioner is unsuitable for parole. *(In re Rosenkrantz* (2002) 29 Cal. 4th 616, 658; *see* Cal. Code Regs., 15, S2402.)

The record reflects that the Board found petitioner unsuitable for parole after a parole consideration hearing held on October 6, 2005 and set his next suitability hearing in one year. Petitioner challenges the Board's finding of unsuitability.

Petitioner was convicted of first degree murder in July of 1974. He was sentenced to a term of six months to life. According to the suitability transcripts, petitioner was also convicted of an additional charge in San Bernardino, for possession of narcotics in prison (Penal Code, § 4573.6). In December 1972, petitioner, who was high on LSD, and a crime partner, beat the victim, Chester Phillips, to death with a wooden board. The victim had been beaten about the head and face and dragged 34 feet into a vacant lot in Los Angeles where he was found with two wooden chairs placed on his chest in an attempt to conceal the body. The autopsy described the cause of death to multiple open fractures of the face and head due to multiple blunt-force trauma. Petitioner was arrested after a witness came forward naming him as one of the people seen with the victim in the vicinity where the victim's body was found. After petitioner was arrested, he told law enforcement that he had ingested LSD for several days and started having flashbacks, when he and a crime partner saw a man walking down the street, and petitioner started a fight with him. While fighting with the victim, he thought his crime partner kicked the victim a couple of times. Petitioner stated that he picked up a board and struck the victim two or three times, then he and his crime partner ran. Petitioner said that he later returned to the lot where he left the victim's body, and found that he was not moving and dragged his body into the vacant lot and placed chairs on top of the body so that no one would notice when they passed by.

1

Minutes Entered
09-20-06
County Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### DEPT 100

| Date: | SEPTEMBER 20, 2006 | | | |
|---|---|---|---|---|
| Honorable: | DAVID S. WESLEY | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 003837
In re,
JOHNNIE PORTIS,
    Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

---

The Board concluded that petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. The Board based its decision on the commitment offense. The Board noted that the victim was older than the petitioner at the time of the attack, and that the victim was abused during the course of the offense. The victim was kicked and beaten to death in a violent manner. Furthermore, the Board noted that he was on probation at the time of the commitment offense after pleading guilty to exhibition a deadly weapon. The Board found that petitioner has an unstable social history and abused substances. The Board noted that petitioner has remained disciplinary free since 1990, although his past 115's were significant disciplinaries – including possession of a weapon, refusing to work and an incident involving the stabbing assault of an inmate, and fighting. He also had ten 128 counseling chronos, and noted that these 128's were issued a "long time" ago. Furthermore, petitioner received an additional two year State Prison sentence for possession of marijuana. Although the Board commended petitioner for the positive aspects of his behavior, including the fact that petitioner has earned 50 units towards his bachelor's degree from Chapman University, they found that his positive behavior did not outweigh the factors of unsuitability.

The record reflects that petitioner was granted parole by the Board on June 21, 2002. However, in November 2002, the Governor exercised his right to reverse the Board's decision. Following that, on September 25, 2003, petitioner had another parole hearing where the decision to grant him parole was split. That decision was forwarded to the parole review board, sitting in banc, where petitioner was found unsuitable for parole and denied parole for one year.

Denial of parole may be based solely upon the particular circumstances of the inmate's commitment offense. (*In re Rosenkrantz* (2002) 29 Cal. 4th 616, 678-679, 682-683; *In re Dannenberg* (2005) 34 Cal. 4th 1061, 1070-1071) The Board was acting within its authority when it considered petitioner's post conviction gains, yet concluded that he would pose an unreasonable threat to public safety. (Penal Code § 3041(b).) It should be noted, however, that during the Board's discussion of petitioner's prior criminal history, the Board referred to incidents where petitioner was arrested but never convicted of offenses. Arrests are not reliable evidence that an accused committed the crimes charged (*People vs. Calloway* (1974) 37 Cal. App. 3d 905) and should not be considered by the Board when determining suitability for parole.

The record further reflects that the Board relied on several additional factors in denying petitioner parole at this time, as discussed *supra*, and there is some evidence to support the Board's decision. (*In re Rosenkrantz*, 29 Cal. 4th at 664-665; *In re Dannenberg*, 34 Cal. 4th at 1071, 1081.)

2

Minutes Entered
09-20-06
County Clerk

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __JOHNNIE PORTIS_____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

```
    JOHNNIE PORTIS    , CDCR #: B-58452
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: YWING 326L
SOLEDAD, CA  93960-0689.
```

On MARCH  11   2007  , I served the attached:

PETITION FOR REVIEW(within 10 days of a denial without opinion)

WITH ORDERS-DENIALS FROM LOWER COURTS

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows: OFFICE OF THE ATTORNEY GENERAL (1)copy
110 WEST A ST.,#1100 SAN DIEGO,CA 92101

CALIFORNIA COURT OF APPEAL 2nd APPELLATE DISTRICT
CLERK'S OFFICE,300 S.SPRING ST.,FL 2 N.TOWER (1)copy
LOS ANGELES,CA 90013

RE-MAINING copies for filing mailed to:
CALIFORNIA SUPREME COURT 300 S.SPRING ST.,FL 2
LOS ANGELES,CA 90013-1233

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  MARCH 11 2007  .

*JOHNNIE PORTIS*
JOHNNIE PORTIS
Declarant