EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STEVEN G. WARNER, State Bar No. 239269
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5747
 Fax: (415) 703-5843
 Email: Steven.Warner@doj.ca.gov
Attorneys for Respondent Acting Warden Ben Curry
SF2007200590

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNIE PORTIS,<br><br>                    Petitioner,<br>v.<br>BEN CURRY, WARDEN,<br><br>                    Respondent. | C 07-3666 WHA (PR)<br><br>**RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Judge: The Honorable William Alsup |

In this habeas petition, California state inmate Johnnie Portis challenges the Board of Prison Terms' parole denial at his 2005 subsequent parole consideration hearing. Specifically, Portis argues that the Board violated his rights under the Constitution's Ex Post Facto Clause by failing to apply parole guidelines in effect at the time of his conviction, and that the Board violated his due process rights when it denied parole based on his commitment offense. Respondent moved to dismiss the mixed petition because Portis failed to exhaust his due process claim, and his ex post facto claim lacks merit. In his opposition, Portis establishes neither that he exhausted his due process claim nor that his ex post facto claim is meritorious.

Portis maintains that he "has exhausted his available remedies to the highest state court on both claims." (Opp'n 1.) However, Portis later expands upon this introductory contention by

1 indicating that he exhausted his state court remedies because a "[claim] [filed] in the Superior
2 Court of Los Angeles County . . . include[d] the 'Due Process,' claim submitted by petitioner."
3 (Opp'n 3.) Portis's latter contention does not prove that he has exhausted his claim under
4 binding case law, but rather, establishes that he presented it to the state's lowest court. This does
5 not exhaust his claim. *See Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986) (holding that
6 in California, a petitioner exhausts his federal claim by fairly presenting it to the California
7 Supreme Court). Thus, Portis has not persuasively countered Respondent's argument that the
8 petition is mixed and must be dismissed. *Pliler v. Ford*, 542 U.S. 225, 227 (2004).

9 Furthermore, Portis does not successfully counter Respondent's argument that his ex post
10 facto claim lacks merit. Portis offers only the conclusory contention that "both [claims] have
11 merit under federal law and the constitution." (Opp'n 1.) The last ten pages of Portis's
12 opposition address an ex post facto argument but they appear to be taken from another pleading,
13 Portis does not explain why the pages are relevant, and they do not directly contravene the
14 arguments Respondent makes in his motion to dismiss. (*See* Opp'n 6-16); *see also Connor v.*
15 *Estelle*, 981 F.2d 1032, 1033-34 (9th Cir. 1992) (holding that the application of the DSL
16 guidelines to a prisoner sentenced under the ISL did not violate the Ex Post Facto Clause).
17 Portis's ex post facto contention lacks merit, and he has not shown otherwise in his opposition.

18 For the reasons stated above and in Respondent's September 19, 2007 motion to dismiss,
19 this Court should grant the motion.

20 Dated: November 7, 2007                Respectfully submitted,

21                                        EDMUND G. BROWN JR.
                                          Attorney General of the State of California

23                                        *[signature]*

24                                        STEVEN G. WARNER
                                          Deputy Attorney General
25                                        Attorneys for Respondent Acting Warden Ben Curry

28 20111204.wpd

Resp't's Reply to Opp'n to Mot. to Dismiss                    *Portis v. Curry*
                                                              Case No. C 07-3666 WHA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Johnnie Portis v. Ben Curry, Warden*

No.:   U. S. D. C., N. D., SAN FRANCISCO DIV., C 07-3666 WHA (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 7, 2007**, I served the attached

### RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Johnnie Portis, B-58452**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
*in pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 7, 2007**, at San Francisco, California.

|                      |                       |
| -------------------- | --------------------- |
| J. Baker             | /s/ Baker             |
| Declarant            | Signature             |

20112609.wpd