United States District Court
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    JOHNNIE PORTIS,                          No. C 07-3666 WHA (PR)

11              Petitioner,                    **ORDER GRANTING**
                                               **RESPONDENT'S MOTION TO**
12      v.                                     **DISMISS**

13    BEN CURRY, Warden,

14              Respondent.
      _____/

15

16          This is a habeas case filed pro se by a state prisoner to challenge denial of parole.  An

17    order to show cause was issued; in response, respondent has filed a motion to dismiss.

18    Petitioner has opposed it and respondent has filed a reply.  For the reasons set out below, the

19    motion is **GRANTED**.

20                              **DISCUSSION**

21    A.    **MOTION FOR APPOINTMENT OF COUNSEL**

22          Petitioner has filed a motion for appointment of counsel.  The Sixth Amendment's right

23    to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728

24    (9th Cir.), *cert. denied*, 479 U.S. 867 (1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes

25    a district court to appoint counsel to represent a habeas petitioner whenever "the court

26    determines that the interests of justice so require and such person is financially unable to obtain

27    representation."

28    ///

United States District Court
For the Northern District of California

1    Petitioner has presented his claims adequately in the petition and in his opposition to the

2    motion to dismiss, the issues in the motion to dismiss are mostly factual ones, and those issues

3    are not particularly complex.  The interests of justice do not require appointment of counsel.

4    **B.**   **MOTION TO DISMISS**

5    Respondent contends that the case must be dismissed because one issue is exhausted and

6    one is not, making it a mixed petition, and because the only exhausted issue is clearly without

7    merit.

8    Petitioner's claims are that: (1) his rights under the Ex Post Facto clause were violated

9    by failure to apply parole guidelines in effect at the time of his conviction; and (2) his due

10   process rights were denied when the Board denied parole for the eighth time based on the

11   circumstances of his crime.  It is the second issue that respondent contends is not exhausted.

12   An application for a federal writ of habeas corpus filed by a prisoner who is in state

13   custody pursuant to a judgment of a state court may not be granted unless the prisoner has first

14   exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings,

15   by presenting the highest state court available with a fair opportunity to rule on the merits of

16   each and every issue he or she seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c);

17   *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Petitioner has the burden of pleading

18   exhaustion in his habeas petition.  *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

19   Petitioner did file a state habeas petition in the California Court of Appeal and petitioned

20   for review to the California Supreme Court from the denial in the court of appeal.  The only

21   issue in the petition for review, however, was the first of the two presented here, the ex post

22   facto issue (Resp't. Mot. Dismiss, Ex. A).  He thus did not exhaust the second issue by this

23   route.

24   In his opposition petitioner contends that he did exhaust the second issue as well, by

25   filing a habeas petition with the California Superior Court for Los Angeles County.  This,

26   however, even if it did occur, is not sufficient.  In California, the supreme court, intermediate

27   courts of appeal, and superior courts all have original habeas corpus jurisdiction.  *See Nino v.*

28   *Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying

1    habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in

2    the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review

3    in the California Supreme Court by way of a petition for review, or may instead file an original

4    habeas petition in the supreme court. *See id.* at n.3. Petitioner's having presented the issue to

5    the California Superior Court does not constitute a presentation of the claim to the *highest* state

6    court available, which is the California Supreme Court. The petition is mixed.

7        The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that

8    federal courts must dismiss a habeas petition which contains one or more unexhausted claims.

9    *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy*

10   requires dismissal of the entire habeas petition without reaching the merits of any of its claims.

11   *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as

12   might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete

13   the unexhausted claims; if they are deleted, the court can then consider those which remain. *See*

14   *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions:

15   One is that when the petition fails to raise even a colorable federal claim, it may be denied even

16   if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than

17   dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to

18   exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

19       Petitioner's first issue, his contention that his ex post facto rights were violated by use of

20   the current parole guidelines rather than those in effect when he was convicted, was rejected by

21   the Ninth Circuit in *Connor v. Estelle*, 981 F.2d 1032, 1033-34 (9th Cir. 1992). That issue

22   therefore is summarily **DISMISSED**. The exceptions to the *Rose* dismissal rule thus do not

23   apply: (1) the dismissal of the exhausted issue means that there is no need to consider the

24   alternative of dismissal of the unexhausted issue or a stay to allow its exhaustion, because the

25   issue which is exhausted has been dismissed and petitions which contain only unexhausted

26   issues, which this one now is, cannot be stayed, *See Rasberry v. Garcia*, 448 F.3d 1150, 1154

27   (9th Cir. 2006), and (2) the second exception, for petitioner to dismiss the unexhausted issue

28   and proceed with the exhausted one, is not applicable, as there no longer is an exhausted issue

in the petition.

## CONCLUSION

Petitioner's motion for appointment of counsel (document number 3 on the docket) is

**DENIED**.  Respondent's motion to dismiss (document 4) is **GRANTED**.  The case is **DISMISSED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  January ____29____, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4

1    G:\PRO-SE\WHA\HC.07\PORTIS3666.MDSMSS.wpd

United States District Court
For the Northern District of California